UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LANCE GERALD MILLIMAN & B.J.
MILLIMAN TRUCKING, INC.,                    Civ. No. 11-3636 (JRT/LIB)

          Plaintiffs,

v.                                          **REPORT AND RECOMMENDATION**

COUNTY OF STEARNS, JANELLE KENDALL,
SHAN WANG, PATRICK MOEN, WILLIAM
MACPHAIL, CITY OF PAYNESVILLE, KENT
KORTLEVER, JOSEPH SCHMITZ, EDEN
VALLEY BANCSHARES, INC., & STATE BANK
IN EDEN VALLEY,

          Defendants.

---

This matter came before the undersigned United States Magistrate Judge upon the Defendants' Motions to Dismiss Plaintiff's Complaint and Plaintiff's Motion to Dismiss. A hearing on the motions was conducted on April 12, 2012. The case has been referred to the undersigned Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1). For reasons outlined below, the Court recommends that Defendants' motions be GRANTED and Plaintiff's Motion be DENIED.

**I.  BACKGROUND**

Plaintiff brings claims under 42 U.S.C. § 1983 against Defendants Stearns County, Janelle Kendall, Shan Wang, Patrick Moen, William MacPhail, City of Paynesville, Kent Kortlever, Joseph Schmitz, Eden Valley Bancshares, Inc., and State Bank in Eden Valley, alleging violations of constitutional rights. Plaintiff originally brought his claim in Stearns County, Minnesota on November 28, 2011. (Notice of Removal [Docket No. 1]). On December

19, 2011, Defendants Stearns County, William MacPhail, Shan Wang, Joseph Schmitz, City of Paynesville, Patrick Moen, Kent Kortlever, and Janelle Kendall (collectively "Government Defendants") removed the case to federal court. Id.

The Complaint alleges the following facts. On December 15, 2010, Plaintiff received permission from Jeff Evans, a managing employee of Hilltop Stop LLC, to park pieces of equipment on Hilltop Stop LLC's property in Paynesville, MN. (Compl. [Notice of Removal, Docket No. 1] ¶ 1). On January 4, 2011, Hilltop Stop alleged that a check issued by B.J. Milliman Trucking, Inc. for the purchase of products in the amount of $326.01 was returned for non sufficient funds ("NSF"). (Compl. ¶ 2). According to the Complaint, on January 4, 2011, Hilltop Stop and its employees disregarded Minn. Stat. §§ 604.113 and 609.535 and seized two pieces of equipment belonging to the Plaintiff by plowing snow up to a height of five feet around the equipment so that they could not be removed. (Compl. ¶ 3). Hilltop Stop's actions caused the Plaintiff to lose $2,000 in revenue. Id.

Plaintiff asserts that he attempted to talk to the Kenneth Evans, an employee at Hilltop Stop, about the incident on January 10, 2011. (Compl. ¶ 4). However, at that time, according to Plaintiff, Kenneth and Jeff Evans "committed an assault and battery" against the Plaintiff by grabbing him and pushing him towards the door. (Compl. ¶ 4). Thereafter, Paynesville police officer Kent Kortlever met Plaintiff outside. (Compl. ¶ 5). Plaintiff requested that Kenneth Evans be arrested and that the snow surrounding his machinery be removed, but Officer Kortlever refused to get involved despite Plaintiff's protestations that the actions constituted theft. (Compl. ¶ 5).

Plaintiff dug out one piece of equipment, but was unable to remove the second piece of equipment before Hilltop Stop and their employees plowed an additional two feet of snow

around the machinery. (Compl. ¶ 6). The cumulative actions of Hilltop Stop and its employees rendered the "landing gear" on the equipment to be unusable and damaged the cross members supporting the equipment floor resulting in $1,500 in damages. (Compl. ¶ 7).

On March 3, 2011, the Paynesville Police Department, at the direction of Hilltop Stop, began an investigation of the check issued with non sufficient funds. (Compl. ¶ 8). Plaintiff maintains that the Paynesville Police Department obtained Plaintiff's bank records in violation of Minn. Stat. §§ 604.113 and 609.535. (Compl. ¶ 9). Moreover, Plaintiff asserts that the Paynesville Police Department acted in violation of Minn. Stat. §§ 604.113 and 609.535 when it twice demanded payment for the check within 5 business days because the statutes require that the notice "shall be sent by the payee or holder of the check to the maker or drawer by certified mail." (Compl. ¶ 10). Plaintiff asserts that the Paynesville Police Department had possession of the check but was not the "payee" or "holder" of the check. (Compl. ¶ 11).

Additionally, Plaintiff argues that defendant State Bank in Eden Valley released his bank records to the Paynesville Police Department in violation of Minn. Stat. §§ 604.113 and 609.535. (Compl. ¶ 9).

The Complaint asserts that the Paynesville Police Department acted in violation of Minn. Stat. §§ 604.113 and 609.535 when it referred the matter to the Stearns County Attorney who filed criminal charges against the Plaintiff on the bounced check on May 18, 2011. (Compl. ¶ 13).

Plaintiff also alleges that the actions taken by Stearns County in regard to the checks violated Plaintiff's constitutional rights. (Compl. ¶ 14). According to the Complaint, Stearns County Defendants have failed to properly instruct, train, and counsel their employees on protecting people's constitutional rights. Id.

In sum, the Plaintiff, in his Complaint, contends that all the Defendants violated his constitutional rights to privacy, due process, equal protection, right not to be discriminated against by private individuals and commercial entities and public officials, and that the Government Defendants acted based on political motives and discrimination. (Compl. ¶ 15). Plaintiff also contends that the Defendants were involved in a conspiracy. (Compl. ¶ 18). Plaintiff seeks a declaration that the actions of the Defendants violate the Constitution and seeks monetary damages against each Defendant. Presently before the Court are motions to dismiss on behalf of each Defendant.[1] The Court considers each motion in turn.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. "When reviewing a Rule 12(b)(6) dismissal for failure to state a claim, we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the [nonmoving party]." Riley v. St. Louis County, 153 F.3d 627, 629 (8th Cir. 1998). Moreover, all reasonable inferences from the facts alleged in the complaint must be drawn in favor of the nonmoving party. See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004); Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004). Fed. R. Civ. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires a Plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiffs must "plead[ ] factual

---

[1] The Complaint originally also stated claims against Hilltop Stop, Kenneth Evans, Marlys Evans, and Jeff Evans who also collectively filed a motion to dismiss. However, the Plaintiff settled his claims with those Defendants and the claims against them were dismissed with prejudice on April 19, 2012. (Docket No. 43). Therefore, the Court need no longer consider Hilltop Stop, Kenneth Evans, Marlys Evans, and Jeff Evans' motion to dismiss.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations and quotations omitted).   Plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level." Id.  Courts must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against each defendant "across the line from conceivable to plausible." See Iqbal, 129 S.Ct. 1937 at 1950, 1952.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Farnham Street Financial, Inc. v. Pump Media, Inc., 2009 WL 4672668 at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 129 S.Ct. at 1949).

Facts pled which "give the defendant fair notice of what the claim is and the grounds upon which it rests" meet the 12(b)(6) standard. Twombly, 550 U.S. at 555.  When analyzing a complaint on a 12(b)(6) motion to dismiss, courts "should read the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).  Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.  In addition, "[r]ule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). When deciding a motion to dismiss, the Court considers "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the

complaint." PureChoice, Inc. v. Macke, 2007 WL 2023568, at *5 (D. Minn. July 10, 2007)(citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). Moreover, all reasonable inferences from the facts alleged in the complaint must be drawn in favor of the nonmoving party. See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

The Defendants also initially ask the Court to convert their motions to dismiss into one for summary judgment. The Court declines to do so. The only outside evidence submitted in support of the alternative motion for summary judgment is the request made by the Paynesville Police Department to the bank and an email from the Plaintiff to Attorney Hively. (Currens Aff. [Docket No. 35]; (Hively Aff. [Docket No. 23]). A Rule 12(b)(6) motion to dismiss "'must be treated as a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the trial Court.'" Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting Woods v. Dugan, 660 F.2d 379, 380 (8th Cir. 1981)). "The Court has complete discretion to determine whether or not to accept material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." Stahl v. United States Dept. of Agric., 327 F.3d 697, 701 (8th Cir.2003) (internal quotation and citation omitted). In cases involving pro se parties, however, "the Court must proceed with caution in converting a motion to dismiss to a motion for summary judgment." Machen v. Iverson, 2012 WL 566977, at *12 (D. Minn. Jan. 23, 2012) (citing Malaney v. Elal Israel Airlines, 331 Fed. Appx. 772, 774 (2nd Cir. 2009)). In this case, the Court can resolve the motions without reference to any matters outside the pleadings. The Court declines to consider the additional evidence, and thus, it properly considers the Defendants' motions under the standard set forth in Fed. R. Civ. P. 12(b)(6).

### A. PLAINTIFF B.J. MILLIMAN TRUCKING'S CLAIMS

Plaintiff brings his claim on behalf of himself individually and on behalf of his company, B.J. Milliman Trucking, Inc. However, because corporations cannot appear pro se, Plaintiff's claim on behalf of B.J. Milliman Trucking, Inc. must be dismissed without prejudice. See Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996)("the law does not allow a corporation to proceed pro se"); Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983)("It is settled law that a corporation may be represented only by licensed counsel")[citing cases].

### B. BANK DEFENDANTS' MOTION TO DISMISS

Plaintiff's only allegation against the Defendant State Bank in Eden Valley is that:

> on or about March 4, 2011, Defendant State Bank in Eden Valley released records belonging to the Plaintiff to officer Schmitz of the Paynesville Police Department in violation of Minnesota Statute 604.113 and Minnesota Statute 609.535.

(Compl. ¶ 9). No claim is made against Eden Valley Bancshares, Inc., other than to identify it as the owner of State Bank in Eden Valley.

Defendant Eden Valley Bancshares, Inc., contends that the claims against it should be dismissed because there are no factual allegations against it in the Complaint. (Defs' Mem., p. 3). The Court agrees. The claims against Eden Valley Bancshares, Inc., should be dismissed because it does not allege "enough facts to state a claim to relief that is plausible on its face" as against Eden Valley Bancshares. Twombly, 550 U.S. at 570. Indeed, no facts in the Complaint support a claim that the Plaintiff seeks to pierce the corporate veil to hold Eden Valley Bancshares, Inc., liable for the conduct of the State Bank in Eden Valley.[2] For this reason alone, the claims against Eden Valley Bancshares should be dismissed.

---

[2] The Court notes that it is difficult to determine exactly what Plaintiff's claims are and the legal basis for them because he has not submitted any written opposition to any of the Defendants' motions.

Additionally, according to Defendant, State Bank in Eden Valley, the Plaintiff's claims against the State Bank in Eden Valley, as well as, Eden Valley Bancshares, should be dismissed because the facts alleged in the Complaint do not state a claim against either of them as a matter of law.  Specifically, Defendants State Bank in Eden Valley and Eden Valley Bancshares claim that the facts alleged against it do not violate Minn. Stat. §§ 604.113 and 609.535.  (Defs' Mem., p. 3).

Minn. Stat. § 609.535 criminalizes the issuance of dishonored checks.  The provision regarding release of information to law enforcement reads:

> **Subd. 6. Release of account information to law enforcement authorities.** A drawee shall release the information specified below to any state, county, or local law enforcement or prosecuting authority which certifies in writing that it is investigating or prosecuting a complaint against the drawer under this section or section 609.52, subdivision 2, clause (3), item (i), and that 15 days have elapsed since the mailing of the notice of dishonor required by subdivisions 3 and 8. This subdivision applies to the following information relating to the drawer's account:
>
>    (1)   documents relating to the opening of the account by the drawer and to the closing of the account;
>
>    (2)   notices regarding nonsufficient funds, overdrafts, and the dishonor of any check drawn on the account within a period of six months of the date of request;
>
>    (3)   periodic statements mailed to the drawer by the drawee for the periods immediately prior to, during, and subsequent to the issuance of any check which is the subject of the investigation or prosecution; or
>
>    (4)   the last known home and business addresses and telephone numbers of the drawer.
>
> The drawee shall release all of the information described in clauses (1) to (4) that it possesses within ten days after receipt of a request conforming to all of the provisions of this subdivision. The drawee may not impose a fee for furnishing this information to law enforcement or prosecuting authorities.
>
> A drawee is not liable in a criminal or civil proceeding for releasing information in accordance with this subdivision.

However, in order to commence a lawsuit under a criminal statute, the statute must itself create a private right of action. "The general rule is that a criminal statute creates a private cause of action only if its intent to do so appears by express terms or by clear implication." McDeid v. O'Keefe, 2003 WL 21525128, at *5 (Minn. Ct. App. July 8, 2003)(citing H.J., Inc. v. Northwestern Bell Corp., 420 N.W.2d 673, 675 (Minn. Ct. App. 1988)); see also North Star Legal Foundation v. Honeywell Project, 355 N.W.2d 186, 188 (Minn. Ct. App. 1984)(stating that "[n]othing in [the criminal trespass statute] even hints of a private cause of action for its violation.").

Here, the statute relied upon by Plaintiff, Minn. Stat. § 609.535, is part of the criminal code. See also State v. Parker, 2005 WL 3291811, at *2 (Minn. Ct. App. Dec. 6, 2005). Nothing in the statute suggests that a private cause of action exists. In fact, the language of Minn. Stat. § 609.535 implies the exact opposite because it expressly states that, "[a] drawee is not liable in a criminal or civil proceeding for releasing information in accordance with this subdivision." Thus, Plaintiff's claims under § 609.535 against both Defendant State Bank of Eden Valley and Eden Valley Bancshares fail as a matter of law and should be dismissed with prejudice.

In contrast, as a starting point for analysis, the other statute cited by Plaintiff, Minn. Stat. § 604.113, does create civil liability for issuing a worthless check. See Minn. Stat. § 604.113. However, the statute makes the issuer of the check liable to the holder or payee, and it does not apply to the facts alleged in the Complaint which attempt to hold a financial institution liable for releasing information to law enforcement regarding the check. The statute reads "[w]hoever issues any check that is dishonored is liable for the following penalties. . ." As such, the statute creates liability for the issuer of the check, in this case the Plaintiff, and such civil liability runs to the payee, here Hilltop Stop. It does not create liability for financial institutions who release

9

information about issuers of bad checks to law enforcement. Consequently, Plaintiff's claims under § 609.535 against Defendants State Bank of Eden Valley and Eden Valley Bancshares, Inc., fail as a matter of law and should be dismissed with prejudice.

Moreover, to the extent that the Plaintiff is arguing that the Defendant State Bank of Eden Valley has violated 42 U.S.C. § 1983, Plaintiff's claim must fail.[3] Section 42 U.S.C. § 1983 does not in and of itself create or establish any federally protected right. Rather, it creates a cause of action for Plaintiff to enforce federal rights created elsewhere such as those found in the United States Constitution. Albright v. Oliver, 510 U.S. 266, 271 (1994). In other words, 42 U.S.C.§ 1983 fulfills the procedural or remedial function of authorizing a plaintiff to assert a claim for relief against a defendant who, acting under color of state law, violated the plaintiff's federal rights. "Only state actors can be held liable under § 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). Defendant State Bank of Eden Valley is not a state actor and cannot be held liable under 42 U.S.C. § 1983. Therefore, Plaintiff's claims against the State Bank of Eden Valley fail as a matter of law and should be dismissed with prejudice.

### B. GOVERNMENT DEFENDANTS' MOTION TO DISMISS

As already discussed above, 42 U.S.C. § 1983 does not in and of itself create or establish any federally protected right. Instead, it creates a cause of action for Plaintiff to enforce federal rights created elsewhere, either federal rights created by the United States Constitution or by other federal statutes. Albright, 510 U.S. at 271.

The Government Defendants contend that the Plaintiff has not alleged sufficient facts regarding his 42 U.S.C. § 1983 claim to survive a motion to dismiss. The Court agrees.

---

[3] To the extent that Plaintiff may have in his Complaint also sought to extend this claim against Defendant Eden Valley Bancshares, Inc., the following analysis is likewise applicable, and any attempt to plead a claim under 42 U.S.C. § 1983 against Eden Valley Bancshares should also be dismissed.

Plaintiff has only alleged constitutional violations in the most general of terms. Plaintiff alleges in a mere conclusory fashion that the Government Defendants violated his constitutional rights to privacy, due process, equal protection, right not to be discriminated against by private individuals and commercial entities. However, these allegations are nothing more than mere "labels and conclusions" lacking any specific factual allegations, and they are therefore wholly insufficient to survive a motion to dismiss.

Even though Plaintiff is a pro se litigant and the Court must read his Complaint liberally, the rules do not require a court "to either guess the nature of or create a litigant's claim." Leeds v. City of Muldraugh, 174 Fed. Appx. 251, 255 (6th Cir. 2006); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (explaining that when reading a pro se complaint, "the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework," but does not "assume facts that are not alleged"); Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (noting that leniency granted to pro se litigants is "not boundless," and "[p]ro se plaintiffs are treated to less stringent standards, but they are not automatically entitled to take every case to trial .... liberal construction does not require a court to conjure allegations on a litigant's behalf").

Plaintiff has not provided any facts suggesting that the Government Defendants' mere actions in investigating and prosecuting him for issuing a dishonored check translates into a constitutional violation, nor has Plaintiff specifically delineated in his Complaint which constitutional provision such actions allegedly violate.

Moreover, Plaintiff's claims, as generally asserted in the Complaint, all arise out of alleged violation of state law – Minn. Stat. §§ 604. 113 and 609.535. "Section 1983 authorizes courts to redress violations of rights, privileges, or immunities secured by the Constitution and

[federal] laws that occur under color of state law. The statute is thus limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law." Michael v. Gee, 498 F.3d 372, 375 (6th Cir. 2007); Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993) (observing that "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983"); United States v. Villagrana–Flores, 467 F.3d 1269, 1278 (10th Cir. 2006) ("Even assuming, without deciding, that the officer did violate state law, that violation would be irrelevant to the question of whether the warrants check violated [an individual's] Fourth Amendment rights.") In other words, the fact that the Government Defendants may have allegedly violated state law "is neither a necessary nor sufficient condition for a finding of a due process violation." Stern v. Tarrant County Hosp. Dist., 778 F.2d 1052, 1059 (5th Cir. 1985) "The issue in a § 1983 action is not whether a defendant violated state law or agency policies, but whether he or she violated a clearly established federal or constitutional right." Emerson v. Cleveland, 2011 WL 1103243, at * 9 (D. N.D. Mar. 22, 2011)(citing Cole v. Bone, 993 F.2d 1328, 1334 (8th Cir. 1993)). It is not enough for Plaintiff to merely state that the Government Defendants' conduct violated Minnesota statutory law; instead, Plaintiff must allege facts showing that the Government Defendants' conduct violated his federal constitutional or statutory rights. Here, Plaintiff does not tie the alleged violation of Minn. §§ 609.535 and 604.113 to an established federal constitutional or federal statutory protection through specifically asserted facts.

Finally, the Court notes that subsequent to the filing of this lawsuit, the Plaintiff pled guilty to issuing a dishonored check and was sentenced to 30 days in the Stearns County Jail. (Stubson Aff. [Docket No. 38]). His sentence was stayed for one year. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which

he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 266 (1973); see also Sully v. Ayers, 2008 WL 2128171, at * 35 (N.D. Cal. May 20, 2008)(finding that petitioner in a habeas corpus action "failed to demonstrate that the prosecution abused its discretion, let alone violated his constitutional rights, in charging Burns with crimes to which, incidentally, she later pled guilty."); Ludolph v. Wright, 791 F.Supp. 607, 609 (N.D. W. Va. May 28, 1992) ("A criminal defendant who pleads guilty, such as Plaintiff, may not subsequently challenge the constitutionality of the factual predicate to the plea. Because the investigation and sale furnished the underlying factual basis of Plaintiff's guilty plea and of this action, Plaintiff cannot now contest the legality of that which he has already admitted was legal.") Therefore, Plaintiff's claims against the Government Defendants as pled in the Complaint arising out of the investigation and prosecution of the charges against him for issuing a dishonored check should be dismissed

### III. PLAINTIFF'S MOTION TO DISMISS[4]

Plaintiff also brings a self-styled motion to dismiss. In actuality, it appears to the Court that Plaintiff actually seeks to return this case to state court because he argues that the case was improperly removed under 28 U.S.C. § 1446(a). Consequently, the Court construes the Plaintiff's motion as a motion to remand.[5] Plaintiff argues that this case did not exist in

---

[4] In response to Plaintiff's motion, the Government Defendants assert that the Plaintiff's motion violates Fed. R. Civ. P. 11 because is being (1) presented to harass, (2) the claims are not warranted by existing law, (3) the factual contentions have no evidentiary support, and (4) the denial of facts are not warranted by the evidence. (Defs' Mem., p. 3) (citing Fed. R. Civ. P. R. 11). The Government Defendants seek sanctions under Fed. R. Civ. P. 11 for this conduct. However, the Court finds that any request for Rule 11 sanctions is improper because Rule 11expressly states that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Here, the Government Defendants have not filed a separate motion for Rule 11 sanctions, and therefore, the Government Defendant's request for Rule 11 sanctions is denied.

[5] The Court also notes that the Plaintiff has made no attempt to actually dismiss his case under Fed. R. Civ. P. 41, and instead, from his representations at the hearing regarding the present motion, he continues to pursue his claims.

Minnesota state court at the time of removal because his application to proceed in forma pauperis had been denied. (Pls' Mem., p. 1). Plaintiff argues that the case is closed in state court.

Here, the Defendants removed the case properly. 28 U.S.C. § 1446 states that "defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The statutory requirements were met in this case. As the Plaintiff correctly points out, the Stearns County District Court did deny Plaintiff's application to proceed in forma pauperis on December 16, 2011. (Milliman Aff, Ex. B). However, the denial of Plaintiff's IFP application did not also terminate the lawsuit in Stearns County. Minnesota Rule of Civil Procedure 3.01 states that "a civil action is commenced against the defendant: (a) when the summons is served on the defendant." This rule does not state that an action commences once a plaintiff's IFP status application is granted. Nor does the Minnesota statute allowing parties to proceed IFP state that a case terminates once an IFP application is denied or commenced once it is granted. See Minn. Stat. § 563.01. Instead, under Minnesota state procedural law, a lawsuit is commenced when the complaint is served. Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993) (stating that under Minnesota law, an action commences upon service). Here, Plaintiff stated in his own memorandum that he served the Defendants on November 28, 2011. (Pl's Mem., p. 1). Thus, under Minnesota law, in this case, the lawsuit commenced on November 28, 2011, and it was open as of December 19, 2011, when the Defendants removed the case to federal court.[6] Therefore, the Defendants properly removed the case.

---

[6] To the extent that the Plaintiff argues that the Stearns County Judge's Order denying Plaintiff's application to proceed in forma pauperis also operated to dismiss the case, the argument is unconvincing. The Order issued by the Stearns County Judge simply states "Order Denying In Forma Pauperis Application" because the "action is frivolous." (Milliman Aff. [Docket No. 28]). The latter expression is an editorial comment by the state court judge

14

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. B.J. Milliman Trucking, Inc.'s claims are DISMISSED WITHOUT PREJUDICE;

2. Defendants Eden Valley Bancshares, Inc. and State Bank in Eden Valley's Motion to Dismiss [Docket No. 32] be GRANTED and Plaintiff's claims against them be DISMISSED WITH PREJUDICE;

3. Defendants Janelle Kendall, Kent Kortlever, William MacPhail, Patrick Moen, City of Paynesville, Joseph Schmitz, County of Stearns, and Shan Wang's Motion to Dismiss [Docket No. 21] be GRANTED and Plaintiff's claims against them be DISMISSED WITHOUT PREJUDICE; and

4. Plaintiff's Motion to Dismiss for Lack of Jurisdiction [Docket No. 26] is DENIED.

Dated: May 30, 2012

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 13, 2012,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

---

only, and the Order denying IFP status in no way purports to be taking the additional step of directing the dismissal of the Plaintiff's lawsuit.

15