UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LANCE GERALD MILLIMAN and<br>B.J. MILLIMAN TRUCKING, INC., | Civil No. 11-3636 (JRT/LIB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE** |
| COUNTY OF STEARNS,<br>JANELLE KENDALL, SHAN WANG,<br>PATRICK MOEN,<br>WILLIAM MACPHAIL, CITY OF<br>PAYNESVILLE, KENT KORTLEVER,<br>JOSEPH SCHMITZ, EDEN VALLEY<br>BANCSHARES, INC., and STATE<br>BANK IN EDEN VALLEY, | |
| Defendants. | |

Lance Gerald Milliman, 60009 373rd Street, Eden Valley, MN 55329, plaintiff *pro se*.

Jason M. Hiveley and Amanda L. Stubson, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants County of Stearns, Kendall, Wang, Moen, MacPhail, City of Paynesville, Kent Kortlever, and Schmitz.

James Leslie Wiant and Roger C. Justin, **RINKE NOONAN**, P.O. Box 1497, St. Cloud, MN 56302, for defendants Eden Valley Bancshares, Inc., and State Bank in Eden Valley.

Before the Court are Plaintiff Lance Gerald Milliman's ("Milliman's") objections to a May 30, 2012, Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois. The Magistrate Judge recommended that this Court grant the

motion to dismiss by Defendants Eden Valley Bancshares, Inc. and State Bank in Eden Valley ("Eden Valley"), grant the motion to dismiss by Defendants Stearns County, Janelle Kendall, Shan Wang, Patrick Moen, William MacPhail, City of Paynesville, Kent Kortlever, and Joseph Schmitz (collectively, "the State Defendants"), deny Milliman's motion to dismiss, and dismiss B.J. Milliman Trucking Inc.'s claims.  Having conducted a de novo review of those portions of the R&R to which Milliman objects, *see* 28 U.S.C. § 636(b)(1), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court will overrule Milliman's objections and adopt the R&R in its entirety.

## BACKGROUND[1]

Milliman's complaint arises from a check for $326.01 that Milliman issued to Hilltop Stop LLC, Kenneth Evans, Marlys Evans, and Jeff Evans, which was returned for nonsufficient funds ("NSF").  (Compl. ¶ 2, Dec. 19, 2011, Docket No. 1.)  These individuals contacted the Paynesville Police Department regarding the NSF check and the police began an investigation.  (*Id.* ¶ 8.)  In the course of the investigation, Defendant Schmitz, an officer with the Paynesville Police Department, obtained Milliman's bank records from Eden Valley.  (*Id.* ¶ 9.)  Milliman alleges that this transaction between the police department and Eden Valley was a violation of Minn. Stat. §§ 604.113, 609.535 and several of his constitutional rights.  (*Id.* ¶¶ 8, 9, 14, 18.)

---

[1] The Court recites facts here only to the extent necessary to rule on Milliman's objections.  A more thorough factual background is available in the Magistrate Judge's R&R. (R&R, May 30, 2012, Docket No. 44.)

While this action was pending in federal court, a hearing was held in Stearns County District Court on April 10, 2012, in which Milliman pled guilty to issuing a NSF check; he was sentenced to thirty days in the Stearns County jail and ordered to pay $356.01 in restitution. (Aff. of Amanda Stubson, Exs. A & B, April 11, 2012, Docket No. 38; Pl.'s Objections to R&R ¶ 9 at 2, June 12, 2012, Docket No. 45.)

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file **specific** written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Here, the Magistrate Judge issued a recommendation applying Federal Rule of Civil Procedure 12(b)(6).

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true and construes the pleadings in a light most favorable to the non-moving party. *See, e.g., Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must

include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

## II. MILLIMAN'S OBJECTIONS

### A. Conspiracy Claim

Milliman first objects to the Magistrate Judge's recommendation that his complaint against Eden Valley be dismissed with prejudice.[2] Milliman argues instead that the Court should dismiss his claims against Eden Valley **without** prejudice or, if the Court denies this request, that the Court should allow him to amend his complaint. Specifically, Milliman argues that he intended to set out a claim for conspiracy, alleging a conspiracy between Eden Valley and the State Defendants, but that "his original complaint . . . fell short." (Pl.'s Objections to R&R ¶ 4 at 1.) The Court overrules this objection.

As a preliminary matter, the Court notes that Milliman made a general claim in his complaint that Defendants had conspired to violate his rights. As Milliman rightly concedes, this accusation did not state a claim. To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff.

---

[2] In the R&R, the Magistrate Judge also recommended that Milliman's claims against Defendant Eden Valley Bancshares, Inc. be dismissed with prejudice because Milliman did not state any facts in his complaint, other than to identify it as the owner of State Bank of Eden Valley, that would support a claim against Eden Valley Bancshares, Inc. (Docket No. 44 at 7.) Milliman does not object to this recommendation as to Eden Valley Bancshares, Inc.

*White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). Milliman's general accusations that Defendants worked in concert to conspire against him failed to state a claim. *See Farm Credit Servs. of Am. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (holding that courts are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.") (internal citation omitted).

The Court must decide, then, whether it is appropriate to dismiss Milliman's claims against Eden Valley without prejudice or to allow Milliman to amend his conspiracy claim.[3] "Generally, parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 783-84 (8th Cir. 2008) (internal quotation marks omitted). The Court finds that Milliman has set forth no facts showing that he has a likelihood of success in pleading a conspiracy claim under § 1983[4] or any other statute. *See Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984) (upholding district court's decision to dismiss with prejudice where "the complaint on its face shows that no cause of action can be stated against the defendants and . . . a dismissal with leave to amend would serve no useful purpose."). Furthermore, Milliman's request to amend his complaint is procedurally improper because Milliman did not request leave to amend

---

[3] It is unclear if Milliman also seeks to amend other aspects of his complaint. To the extent that he does, the Court finds that Milliman has not established any likelihood of success in pleading his other newly-raised claims.

[4] It is unclear what sort of conspiracy claim Milliman intends to bring, but it appears to be a conspiracy claim under § 1983.

from the Magistrate Judge. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("[Plaintiff] was required to present all of his arguments to the magistrate judge, lest they be waived."). Accordingly, the Court will not allow Milliman to amend his complaint and will dismiss his claims against Eden Valley with prejudice.

### B. Other Objections

In his objections, Milliman raises various arguments alleging constitutional violations and violations of Minn. Stat. § 609.535. Milliman has not, however, raised specific objections to the reasons that the Magistrate Judge recommended the dismissal of his claims. *See Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008) ("The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."). For example, Milliman has not raised counterarguments to the R&R's findings that (1) Minn. Stat. § 609.535 does not create a private right of action, (2) Minn. Stat. § 04.113 does not create liability for financial institutions who release information about issuers of bad checks to law enforcement, (3) Eden Valley cannot be held liable under § 1983 because it is not a state actor,[5] and (4) Milliman's allegations against the State Defendants improperly rely on state law and are mere "labels and conclusions" lacking any specific factual allegations. The Magistrate Judge carefully considered each of Milliman's arguments, and Milliman's objections to the R&R contain no specific

---

[5] As noted above, Milliman has raised insufficient facts to demonstrate a conspiracy between Eden Valley and the State Defendants.

objections or properly-raised arguments that the Magistrate Judge did not amply and ably address.[6] The Court will therefore overrule Milliman's objections and adopt the R&R in its entirety.[7]

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 45] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 44]. Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff B.J. Milliman Trucking, Inc.'s claims are **DISMISSED without prejudice**.

2.  Defendants Eden Valley Bancshares, Inc. and State Bank in Eden Valley's Motion to Dismiss [Docket No. 32] is **GRANTED** and all claims against them are **DISMISSED with prejudice**.

3.  Defendants Janelle Kendall, Kent Kortlever, William MacPhail, Patrick Moen, City of Paynesville, Joseph Schmitz, County of Stearns, and Shan Wang's Motion

---

[6] In his objections, Milliman raises a new claim not made in his complaint and not presented to the Magistrate Judge: Minnesota Statute § 609.535 is unconstitutional both facially and as-applied. (Pl.'s Objections to R&R ¶ 15 at 3.) Milliman also raises a new argument that access to his bank account was an unlawful search and seizure under the Fourth Amendment. (Pl.'s Objections to R&R ¶ 9 at 2.) The Court will not address these arguments because they are improperly raised. *See Ridenour*, 679 F.3d at 1067 ("[Plaintiff] was required to present all of his arguments to the magistrate judge, lest they be waived.").

[7] Defendants have raised no objections to the portions of the R&R dismissing Plaintiffs' claims **without** prejudice; accordingly, the Court will adopt these recommendations.

to Dismiss [Docket No. 21] is **GRANTED** and all claims against them are **DISMISSED without prejudice**.

4. Plaintiff Lance Gerald Milliman's Motion to Dismiss for Lack of Jurisdiction [Docket No. 26] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 27, 2012                    ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                     United States District Judge