UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lance Gerald Milliman, et al.,       Civ. No. 11-3636 (JRT/LIB)

    Plaintiffs,

v.

    **REPORT AND RECOMMENDATION**

Stearns, County of, et al.,

    Defendants.

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), and upon Plaintiff's Motion for Review of Cost Judgment. [Docket No. 50].

On September 27, 2012, the District Court[1] issued an order granting the Motion to Dismiss, [Docket No. 21], brought by Defendants Janelle Kendall, Kent Kortlever, William MacPhail, Patrick Moen, City of Paynesville, Joseph Schmitz, County of Stearns and Shan Wang (collectively "State Defendants"), and ordering Plaintiffs' claims against them dismissed without prejudice. (Mem. Op. & Order [Docket No. 46], at 7-8).[2] Judgment was entered accordingly. (J. [Docket No. 47]). On October 25, 2012, Defendants submitted their Bill of Costs, [Docket No. 48], and on November 26, 2012, the Clerk of Court entered the cost judgment, finding that Plaintiffs were responsible for $400.65 of costs. (Cost J. [Docket No. 49]). On December 11, 2012, Plaintiff Lance Milliman (Plaintiff Milliman) filed a motion for review of the cost judgment. (Mot. Rev. Cost J. [Docket No. 50]).

---

[1] Hon. John R. Tunheim.
[2] The District Court also dismissed with prejudice Plaintiff's claims against Defendants Eden Valley Bancshares, Inc. and State Bank in Eden Valley. (Mem. Op. & Order [Docket No. 46], at 7).

The cost judgment found Plaintiff responsible for the following amounts: (1) $350.00 for clerk of court fees;[3] (2) $26.25 for copy fees; and (3) $25.00 for docket fees. (Cost J. [Docket No. 49], at 1).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The costs that can be taxed include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. There is a presumption that a prevailing party is entitled to recoverable costs. See Marx. v. General Revenue Corp., 133 S. Ct. 1166, ____,[4] 2013 U.S. LEXIS 1859, at *11 (U.S. Feb. 26, 2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs."); Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005) ("There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). However, "[d]istrict courts have substantial discretion in awarding costs under Rule 54(d)." Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Indeed, "within the statutory

---

[3] The Clerk of Court allowed $350.00 for the Notice of Removal Fee, but denied $320.00 claimed for a filing fee. (Compare Cost J. [Docket No. 49], with Bill of Costs [Docket No. 48] and accompanying exhibits).
[4] Pagination in the Supreme Court Reporter is not yet available.

framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987); Marx, 2013 U.S. LEXIS 1859, at *11 ("Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court.").

Plaintiff Milliman first argues, citing Keene Corp. v. Cass, 908 F.2d 293 (8th Cir. 1990), that the State Defendants are not entitled to recover costs because they "did not prevail on any issue related to the merits." (Mot. Rev. Cost J. [Docket No. 50]). Keene, in which the Eighth Circuit denied an award of *attorneys' fees* under 42 U.S.C. § 1988, has no bearing in the present case, where the State Defendants sought, and were awarded, *costs* under Fed. R. Civ. P. 54(d). As noted above, Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The Eighth Circuit, in construing Rule 54(d), has held that a "prevailing party" is simply the party "in whose favor judgment was entered." Firefighters' Inst. for Facial Equal. V. City of St. Louis, 220 F.3d 898, 905 (8th Cir. 2000); see also Weaver v. Toombs, 948 F.2d 1004, 1009 (6th Cir. 1991) (for purposes of Rule 54(d), "a dismissal of the action, whether on the merits or not, generally means the defendant is the prevailing party"). Thus, the Court finds that the Clerk did not err in awarding costs to State Defendants on the basis of the dismissal of Plaintiff Milliman's claims.

Second, Plaintiff Milliman argues that he should not be responsible for paying the $350 removal filing fee for this case because the State Defendant voluntarily chose to remove the matter to federal court. (Mot. Rev. Cost J. [Docket No. 50]). The $350.00 removal filing fee is a clerk of court fee and is within the costs that can be taxed and allowed to the prevailing party. See, e.g., Lawson v. Bethesda Lutheran Cmty. Inc., 2012 U.S. Dist. LEXIS 182566, at *5-6


(N.D. Ind. Dec. 28, 2012) (finding that the removal fee is "both a taxable cost under Rule 54 and a reasonable one"); Cleary v. Phillip Morris Inc., 2010 U.S. Dist. LEXIS 109350, at *7-8 (N.D. Ill. Oct. 14, 2010) (collecting cases; requiring the plaintiff to pay the $350 filing fee because "plaintiff's choice to file in state court should not place defendants in a worse position with respect to recovery of costs than if plaintiff had filed the case in federal court at the outset"); Hardwick v. Blackwell Sanders Peper Martin, L.P., 2006 U.S. Dist. LEXIS 93922, at *6 (W.D. Mo. Dec. 29, 2006) (rejecting the plaintiff's argument that she not be required to pay the removal filing fee because she had initially paid the filing fee in state court and awarding the defendant (the prevailing party) the costs of the removal fee). Plaintiff Milliman's claims were based on federal law, and the State Defendants were entirely within their rights to remove the matter to federal court. Thus, the Court finds that Plaintiff Milliman is appropriately responsible for the filing fee. See Hardwick, 2006 U.S. Dist. LEXIS 93922, at *6 ("[T]he removal was proper as plaintiff's petition included claims under federal statutes.")

Third, Plaintiff Milliman argues that he should not have to pay costs because the State Defendants' attorney misstated the nature of the District Court's Memorandum Opinion and Order. In particular, Plaintiff Milliman notes that State Defendants' counsel stated that the District Court granted their motion for summary judgment, (see Bill of Costs, Aff. Stubson [Docket No. 48-1], at 2, ¶ 4), when in fact the District Court granted their motion to dismiss. (Mot. Rev. Cost J. [Docket No. 50]). The misstatement of State Defendants' counsel is a harmless error that does not absolve Plaintiff Milliman of his responsibility to pay costs in this matter.

Finally, Plaintiff Milliman argues that the State Defendants failed to properly itemize their Bill of Costs "to differentiate the costs of the two (2) separate lawsuits as far as docket fees

and copy fees." (Mot. Rev. Cost J. [Docket No. 50]). Plaintiff Milliman's argument is not persuasive. With regard to docket fees, State Defendants properly document the $25.00 filing fee relates to "Summary Judgment," (Bill of Costs, Aff. Stubson [Docket No. 48-1], at 2), which is consistent with the State Defendants' Motion for Dismissal and/or Summary Judgment, [Docket No. 21], filed on February 6, 2012. With regard to copy fees, State Defendants document in detail which documents they copied, how many copies they made, the cost per page, and the total cost of copies, corresponding to the amount they requested. (Bill of Costs, Aff. Stubson, Ex. C [Docket No. 48-4]). Thus, the Court finds that Plaintiff Milliman is responsible for the copy fees and docket fees assessed in the Cost Judgment.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. That Plaintiff's motion for review of costs [Docket No. 50] is **DENIED**.

DATED: March 29, 2013
                                                   s/Leo I. Brisbois
                                                   LEO I. BRISBOIS
                                                   U.S. Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 13, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.

Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.